UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

№ 17-CV-0011 (JFB) (SIL)
_____

JOHN MEDFORD, JAMES BALDUCCI, JOSEPH BONSIGNORI, ROBERT MCKNIGHT, ANTHONY ORLOWSKI, ALFONSO V. GALLUCCIO, ANDREW ETERGINEOSO, ANGELO TABONE, ANTHONY BOHUR, ANTHONY PECCIA, ANTHONY SODANO, BRIAN DIEMICKE, BRIAN LOOMIS, BRYON FERRERI, CARMINE DEVIVO, CARMINE RUSSIO, CHRISTIAN MCQUADE, DAN MATTEO, DANIEL MULLEN, DAVID LLOYD, DUMONE LUCARELLI, ERIC STEVENS, ERNEST SCHIEFERSTEIN, EUGENE PASSOLO, FRANK DESALVO, FRANK FAMIGLIETTI, FRANK J. GANDIOSI, FRANK MELILLO, GERALD S. FORBES, HENRY C. GUNDERMAN, HENRY F. PETERS, JACOB ALTNIER, JAMES SMILLIE, JAMES VANNETTER, JOHN CATTAGIONE, JOHN FINK, JOHN HUTTLE, JR., JOHN LAMENDOLA, JOHN KOZIKOWSKI, JOSEPH CERELLA, JOSEPH HESS, JP PUGLIA, KEVIN ESPOSITO, KEVIN MCCLOREY, KEVIN REYNOLDS, LOUIS S. PONTILLO, MARK SEHER, MICHAEL COMMISSO, MICHAEL DELLWIN, MICHAEL MAYER, MICHAEL MOYLAN, MICHAEL PACARIELLO, MICHAEL SORRENTINO, MIKE DESALVO, NICHOLAS LAMANNA, NICK TARDO, PASQUALE MUSCARELLA, PAUL GARGANO, RICHARD FRANKAITIS, RICHARD N. WEISS, RICHARD SANDIFORD III, ROBERT ANDERSON, ROBERT S. MERBITZ, ROBERT STAWKOWSKI, ROBERT T. QUARESIMO, ROBERT TABONE, RODRISO A. MUJICA, SCOTT D. SAUM, SCOTT D'AMICO, STEVE BAITENKART, STEVEN MICHALOWSKI, THOMAS MARCIAN, TIMUR YILMAZ, VINCENT CAHILL, VINCENT CARBONE, VINCENT CICCOLELLA SR., WALTER WAGNER, WILLIAM FOX, ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED,

Plaintiffs,

VERSUS

THE CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 1000, AFSCME, AFL-CIO, CSEA LOCAL 881, JARVIS T. BROWN, TOWN OF OYSTER BAY, AND JOHN DOES 1-10,

Defendants.

_____

JOSEPH F. BIANCO, District Judge:

Plaintiffs bring this putative class action on behalf of themselves and similarly situated individuals against the Civil Service Employees Association, Inc., Local 1000, AFSCME, AFL-CIO, CSEA Local 881 ("Local 881"), Jarvis T. Brown ("Brown"), the Town of Oyster Bay (the "Town"), and John Does 1-10 (collectively, "defendants"), alleging violations of the Labor Management Reporting and Disclosure Act of 1959 ("LMRDA" or "the Act"), 29 U.S.C. § 400, *et seq.* and New York state law. Plaintiffs also request punitive damages and attorney's fees.

Presently before the Court are defendants' motions to dismiss for lack of subject matter jurisdiction and for failure to state a claim.[1] For the reasons set forth below, the Court grants defendants' motions to dismiss for lack of subject matter jurisdiction over the LMRDA claims. In particular, the uncontroverted record demonstrates that Local 881 represents only public sector employees—namely, employees of the Town of Oyster Bay, a political subdivision of New York State. Therefore, Local 881 is not subject to the LMRDA, which does not apply to public sector unions, and no federal subject matter jurisdiction exists over plaintiffs' lawsuit. Plaintiffs argue that, because three Town employees perform union-related work for Local 881 pursuant to a collective bargaining agreement ("CBA"), they are effectively private sector employees, and transform Local 881 into a mixed union that is subject to LMRDA jurisdiction. The Court disagrees. These employees, notwithstanding their work on behalf of Local 881, remain public employees, and Local 881 does not represent any members (including those three public employees) in any negotiations with private sector employers. Accordingly, because Local 881 is not a mixed union and thus is not a "labor organization" under the LMRDA, the Court lacks subject matter jurisdiction under the LMRDA. In light of the lack of subject matter jurisdiction, there is no basis to exercise supplemental jurisdiction over plaintiffs' state law claims. Accordingly, the state law claims are dismissed without prejudice to being brought in state court.

I. BACKGROUND

A. Facts

The following facts are taken from the Amended Complaint ("Compl."), ECF No. 12; the Declaration of John Medford, dated July 17, 2017 ("Medford Decl."), ECF No. 39; the Declaration of Leslie C. Perrin, dated May 10, 2017 ("May 10, 2017 Perrin Decl."), ECF No. 21, and Exhibit C attached thereto, ECF No. 21-3; and the Declaration of Leslie C. Perrin, dated November 8, 2017 ("Nov. 8, 2017 Perrin Decl."), ECF No. 49.

The Town is a municipality in Nassau County, New York. (Compl. ¶ 4.) Plaintiffs are employed by the Town's sanitation department. (Medford Decl. ¶¶ 2-3.) Local 881 is a union that represents Town employees, including plaintiffs, in

---

[1] Local 881 and Brown jointly moved to dismiss. (ECF No. 20.) The Town separately moved to dismiss. (ECF No. 24.) All defendants argue that the Court lacks subject matter jurisdiction and that plaintiffs have failed to state a claim for relief.

negotiations with the Town regarding their terms of employment.[2] (*See* Compl. ¶¶ 2, 6, 14.)

In December 2016, Local 881 and the Town began negotiating a CBA to replace their existing CBA, which was set to expire at the end of that month. (*See* Compl. ¶¶ 7, 14.) Those negotiations resulted in a memorandum of understanding ("MOU"), which was subject to ratification by the members of Local 881 and the Town Board. (*See* Compl. ¶¶ 22-24.) Accordingly, on December 28, 2016, Local 881 announced on its website that a meeting would be held on January 3, 2017 to explain the MOU's provisions, and that a vote on whether to ratify the MOU would be held on January 4, 2017. (Compl. ¶¶ 17-18.)

On January 3, 2017, plaintiffs filed a complaint and motion for a temporary restraining order in attempt to prevent Local 881 from holding a vote on whether to ratify the MOU. (*See* ECF Nos. 1, 4.) Plaintiffs argued that Local 881 and the Town had infringed on their statutory rights to participate in deliberations regarding the MOU and to attend the January 3, 2017 meeting. (*See* ECF No. 4.) They further asserted that the MOU's terms unfairly discriminated against sanitation department employees in violation of defendants' duty of fair representation under New York state law. (*See id.*) The Court denied plaintiffs' motion for failure to demonstrate irreparable harm (*see* ECF No. 8), and the members of Local 881 ratified the MOU on January 4, 2017 (Compl. ¶¶ 18, 22). The Town Board later ratified the MOU on January 10, 2017. (Compl. ¶ 24.)

On February 25, 2017, plaintiffs filed the instant Amended Complaint against defendants. Plaintiffs again allege that defendants violated their statutory rights under the LMRDA to participate in deliberations regarding the CBA and to attend the January 3, 2017 meeting, and that the CBA's terms unfairly discriminate against sanitation department employees in violation of defendants' duty of fair representation under New York state law.[3]

B. Procedural History

Plaintiffs filed a complaint and motion for a temporary restraining order on January 3, 2017. (ECF Nos. 1, 4.) The Court denied that motion on the same day. (ECF No. 8.) Plaintiffs filed the Amended Complaint on February 25, 2017. (ECF No. 12.) Defendants moved to dismiss on May 10, 2017. (ECF Nos. 20, 24.) Plaintiffs opposed on July 7, 2017 (ECF Nos. 29, 40), and defendants replied on July 25, 2017 (ECF Nos. 43, 44). The Court heard oral argument on the motions to dismiss on November 1, 2017. On November 8, 2017, at the Court's direction, defendants Local 881 and Brown filed a supplemental declaration. (ECF No. 49.) The Court has fully considered the submissions and arguments of the parties.

II. STANDARD OF REVIEW

Relevant here are Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), which respectively govern motions to dismiss for lack of subject matter jurisdiction and for failure to state a claim. The following

---

[2] Brown is Local 881's President. Although plaintiffs name Brown as a defendant, the Amended Complaint does not include any allegations involving him in his individual capacity.

[3] Plaintiffs also allege that the CBA's mandatory arbitration provision violates the LMRDA, and should be stricken. (Compl. ¶¶ 65-68.) Because the Court dismisses the LMRDA claims for lack of subject matter jurisdiction, it does not reach this issue.

standards of review are applicable to motions brought under these rules.

A. Subject Matter Jurisdiction

When a court reviews a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), it "must accept as true all material factual allegations in the complaint, but [it is] not to draw inferences from the complaint favorable to plaintiffs." *J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004). The burden of proving subject matter jurisdiction by a preponderance of the evidence is on the plaintiff. *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings" to resolve the jurisdictional issue, *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing *Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986)), but a court "may not rely on conclusory or hearsay statements contained in the affidavits," *Attica Cent. Schs.*, 386 F.3d at 110. "The consideration of materials extrinsic to the pleadings does not convert the motion into one for summary judgment." *Kim v. Ashcroft*, 340 F. Supp. 2d 384, 387 (S.D.N.Y. 2004).

B. Failure to State a Claim

In reviewing a motion to dismiss under Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

The Supreme Court clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, setting forth two principles for a district court to follow in deciding a motion to dismiss. 556 U.S. 662 (2009). First, district courts must "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

III. DISCUSSION

A. Subject Matter Jurisdiction under the LMRDA

Section 412 of the LMRDA confers federal jurisdiction over suits by persons alleging that their statutory rights were infringed by a "labor organization." *See* 29 U.S.C. § 412. The Act defines a "labor organization" as an entity that "exists for the purpose, in whole or in part, of dealing with *employers*" regarding various terms of employment. *Id.* § 402(i) (emphasis added). "State[s] or political subdivisions thereof" are not "employers" under the Act. *Id.* § 402(e). Thus, unions that represent only public sector employees—*i.e.*, employees of "State[s] or political subdivisions thereof"—are not

4

subject to the LMRDA. *See, e.g., Cunningham v. Local 30, Int'l Union of Operating Eng'rs*, 234 F. Supp. 2d 383, 391 (S.D.N.Y. 2004); *Commer v. McEntee*, 121 F. Supp. 2d 388, 394 (S.D.N.Y. 2000), *aff'd*, 15 F. App'x 21 (2d Cir. 2001).

In contrast, mixed unions, which represent *both* public and private sector employees, are covered by the LMRDA. *See, e.g., Cunningham*, 234 F. Supp. 2d at 391 (collecting cases). The "mere membership" of private sector employees is insufficient to establish a mixed union. *See, e.g., Rodriguez v. Haynes*, 341 F. Supp. 2d 416, 422 (S.D.N.Y. 2004); *Lynch v. Patrolmen's Benevolent Ass'n*, No. 99 CIV. 63 LAP, 1999 WL 713369, at *1 (S.D.N.Y. May 18, 1999). Instead, a union must actually represent private sector employees in negotiations with their employers to be subject to the LMRDA. *See, e.g., Rodriguez*, 341 F. Supp. 2d at 422-23 ("[O]nly a union that actually represents private sector union members is a 'labor organization' for purposes of conferring LMRDA jurisdiction."); *Lynch*, 1999 WL 713369, at *1 ("[T]he issue of whether or not it is a mixed union is determined by representation rather than just mere membership.").[4]

Here, defendants assert that Local 881 represents only public sector employees and is thus not subject to the LMRDA. In support, defendants have submitted an affidavit from counsel to Local 881 attesting that "every member of Local 881 is an employee of the Town" and that, conversely, Local 881 "does not include any non-Town employees." (Nov. 8, 2017 Perrin Decl. ¶ 5; *see also* May 10, 2017 Perrin Decl. ¶ 6 ("Local 811 is comprised exclusively of Town employees.").)[5]

In opposition, plaintiffs argue that Local 881 is a mixed union because some of its members do not perform work for the Town, and instead perform only union-related work. According to plaintiffs, those members are effectively Local 881 employees, not Town employees. Plaintiffs identify three such Local 881 members: (1) Brown, Local 881's President and a Labor Supervisor for the Department of Public Works; (2) Pat Davino, Local 881's First Vice President and a Sanitation Worker for the Department of Public Works; and (3) Betsy Healey, Local 881's Executive Vice President and a Grants Technician in the Town's Intergovernmental Affairs Office. (*See* Medford Decl. ¶¶ 7-9; Nov. 8, 2017 Perrin Decl. ¶¶ 7-9.) Each of these individuals is a Town employee and Local 881 member that was elected by the members of the union to serve on its bargaining unit. (*See* Nov. 8, 2017 Perrin Decl. ¶¶ 6-9.) Pursuant to the CBA, they were also each released from their regular

---

[4] The Second Circuit has not directly considered whether the membership of private sector employees alone is sufficient to subject a union to the LMRDA. Other circuit courts have held that actual representation is required. *See, e.g., Meredith v. La. Fed'n of Teachers*, 209 F.3d 398, 405 (5th Cir. 2000) (Whether a union "actually bargains with private sector employers" is the "determinative question on subject matter jurisdiction over an LMRDA claim."); *Thompson v. McCombe*, 99 F.3d 352, 354 (9th Cir. 1996) ("[T]he important question is . . . whether the union currently deals with or represents private sector employees."); *Berardi v. Swanson Mem'l Lodge No. 48 of the Fraternal Order of Police*, 920 F.2d 198, 201 (3d Cir. 1990) ("The mere fact that a union *admits* some members who work for private employers is not enough to bring the union within

[the LMRDA]." (emphasis in original)). Although not binding, the Court finds the analysis in those cases to be persuasive.

[5] Plaintiffs were given an opportunity to dispute any factual inaccuracies in the supplemental November 8, 2017 Perrin Declaration. Plaintiffs, however, did not submit any response. Thus, for purposes of considering whether the Court has subject matter jurisdiction, those facts are uncontroverted.

5

duties to administer the CBA and process grievances for Local 881 members.[6] (*Id.*) Plaintiffs do not dispute that Brown, Davino, and Healey are paid by the Town, or that they retain their civil service job titles while on release. Instead, plaintiffs argue that, because these individuals perform only union-related work, they are actually employed by Local 881, which is a private sector employer. Thus, according to plaintiffs, Local 881 is a mixed union subject to the LMRDA.

Plaintiffs' argument misses the mark. The fact that Brown, Davino, and Healey were released from their regular duties for the Town to administer the CBA and process grievances for Local 881 members does not transform these public employees into union employees. To the contrary, they are still paid by the Town, continue to receive service credit in the New York State Local Employees Retirement System, and retain their civil service job titles. (*See* Nov. 8, 2017 Perrin Decl. ¶¶ 6-9, 11; Medford Decl. ¶¶ 7, 9.) In fact, if any of these individuals were to lose their status as a Town employee, they would be ineligible to serve as a Local 881 officer. (Nov. 8, 2017 Perrin Decl. ¶ 6.) Therefore, under these circumstances, the Court declines to find that Brown, Davino, and Healey are Local 881 employees based solely on the fact that they currently perform union-related work, and concludes that they remain public sector employees for purposes of the LMRDA. Accordingly, plaintiffs have not demonstrated that Local 881's members include private sector employees.

Moreover, this is not a situation where a union that generally represents public employees becomes a mixed union because it also represents such members in negotiations with private sector employers, thus subjecting itself to the LMRDA. *See, e.g.*, *Lynch*, 1999 WL 713369, at *1 (noting that, if the PBA represented its members both in negotiations with the NYPD and in negotiations with private employers pursuant to a paid detail program, the union would be a mixed union and the LMRDA would apply). Here, plaintiffs have not alleged, or otherwise demonstrated, that Local 881 actually represented Brown, Davino, or Healey (or any other Local 881 members) in negotiations with a private employer. To the contrary, Local 881 has submitted a declaration affirmatively stating the following:

> "[T]hese [three officers] are not represented by [Local 881] in connection with private employment or in any dealings with a private employer. Rather, as elected officers of CSEA Local 881, Mr. Brown, Ms. Healey, and Mr. Davino are members of the negotiating team that engages with the Town to reach an agreement with regard to the terms and conditions of employment of the Town employees covered within the bargaining unit, including themselves."

(Nov. 8, 2017 Perrin Decl. ¶ 12.) The Court thus concludes that the mere fact that these three individuals perform work for the union does not, in any way, demonstrate that the union represents them in connection with a private employer. To the extent plaintiffs suggest this union-related work means that the union represents them in negotiations with the union itself, the Court rejects that argument. A union cannot represent its own employees in negotiations with itself. Thus, even assuming *arguendo* that Brown, Davino, and Healey were considered union employees (which they are not), the

---

[6] The CBA permits a maximum of four of Local 881's eleven officers to be released from their typical duties to perform union-related work. (*See* May 10, 2017 Perrin Decl. Ex. C, Art. III, Section 4(B), (D).)

LMRDA would still not apply because Local 881 does not negotiate with any private employer on their behalf.

The court in *Rodriguez* reached the same conclusion. 341 F. Supp. 2d at 422-23. There, the court considered "whether a union, though largely comprised of members employed by the public sector, is nevertheless considered a mixed union because a small number of its members are employed by the union itself, a private sector entity." *Id.* at 422. The plaintiffs argued that "the court should 'presume that employee/members of a local union collectively bargain with the Local as employer . . . thus creating a mixed local." *Id.* The court rejected plaintiffs' theory as "entirely implausible" and concluded that "a union does not engage in collective bargaining with itself." *Id.*

In sum, because Brown, Davino, and Healey are Town employees and Local 881 represents only public sector employees, Local 881 is not a "labor organization" under the LMRDA and is not subject to the LMRDA. Accordingly, this Court lacks subject matter jurisdiction under the LMRDA over this lawsuit.

B. Supplemental Jurisdiction

A district court may, in its discretion, "decline to exercise supplemental jurisdiction over state law claims if it has dismissed all claims over which it has original jurisdiction." *See Kolari v. N.Y. Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting 28 U.S.C. § 1367(c)(3)). However, if a court dismisses federal claims for lack of subject matter jurisdiction, it cannot exercise supplemental jurisdiction over remaining state law claims. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996).

Accordingly, given the lack of subject matter jurisdiction under the LMRDA, the Court cannot exercise supplemental jurisdiction over plaintiffs' state law claims for breach of the duty of fair representation and for punitive damages and attorney's fees, and dismisses those claims without prejudice to plaintiffs attempting to bring them in state court.

IV. CONCLUSION

The Court grants defendants' motions to dismiss for lack of subject matter jurisdiction because Local 881 is a public sector union not subject to the LMRDA. Because the Court grants defendants' motions on this ground, it does not reach defendants' alternative arguments for dismissal under Rule 12(b)(6). Given the dismissal for lack of subject matter jurisdiction under the LMRDA, the Court dismisses plaintiffs' state law claims without prejudice to plaintiffs attempting to bring them in state court.

The Clerk of the Court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Judge Joseph F. Bianco
United States District Judge

Date:   December 5, 2017
        Central Islip, NY

\*   \*   \*

Plaintiffs are represented by Svetlana Sobel, Esq., Sobel Law Offices, 175 Eileen Way, Syosset, New York 11791. Local 881 and Brown are represented by Leslie C. Perrin and Aaron Edward Kaplan, CSEA Inc., 143

Washington Avenue, Albany, New York 12210. The Town is represented by Matthew M. Rozea, Office of the Town Attorney, 54 Audrey Avenue, Oyster Bay, New York 11771.